McKinlay agt. Fowler.

## SUPREME COURT.

JOHN D. McKINLAY and others agt. ANDERSON FOWLER and
others.

*Attachment — Against a non-resident — What constitutes residence' for the
purpose of attachment — When attachment against a non-resident will not
be vacated — Code of Civil Procedure, section 636.*

An attachment issued against a firm doing business in Chicago, Ill.; one
of the partners had his domicile in this state, but a part of each year he
resided in Chicago:

*Held*, proper.

The place of business of a firm at which its operations are carried on, and
where the partners are either continually or at times to manage the
business, can properly be called the residence of each of the partners
within section 636 of the Code of Civil Procedure.

An attachment against a non-resident will not be vacated on proof that
the property attached belongs to a third person.

*Kingston Special Term, July,* 1884.

MOTION to vacate an attachment.

An attachment was granted against the defendants on
affidavits showing a cause of action on contract, and that the
defendants were residents of Chicago, Ill. The defendant
Anderson Fowler, on his own behalf, moved to vacate the
attachment so far as it affected him, on affidavits showing that
he had a fixed domicile in the city of New York where he
lived with his family. It appeared that the other partners
were residents of Chicago, and that at different times during
each year Anderson Fowler lived in Chicago engaged in the
business of the firm. The affidavits were conflicting as to the
ownership of the property attached, the defendant claiming
that the firm of Frank Clifton & Co. were the owners, and
the plaintiffs insisting it belonged to the defendants.

*Simon W. Rosendale,* for defendant and motion.

*Edward J. Meegan,* for plaintiffs and opposed.

McKinlay agt. Fowler.

WESTBROOK, *J.*— A motion is made in behalf of Anderson Fowler, one of defendants, to vacate attachment on two grounds : *First.* That Anderson Fowler is a resident of the city of New York ; and *secondly.* That property attached is the property of Frank Clifton & Co., and not of the defendants.

The *business* of the defendants was conducted at Chicago, and for a part of the time, at least, Anderson Fowler *resided* there, though his domicile was in the city of New York. By the Code (*sec.* 636) an attachment issues when " the defendant is \* \* \* not a resident of the state." The place of business of a firm, at which its operations are carried on, and where the partners are, either continually or at times, to manage the business, can be as properly, for the purposes of attachment proceedings, called the *residence* of each of the partners, as a county through which a railroad passes can be called the *residence* of a corporation to control the place of trial, though its principal office may be located elsewhere. Unless this construction be given to the statute relating to attachments, this case well illustrates how inoperative they would become to secure in many cases the relief they were designed to give. The *Matter of Thompson* (1 *Wend.*, 43), in which it was held, " the right to sue out an attachment does not depend upon a change of *domicile* of the debtor," is exactly applicable to this case.

The ownership of the property attached affords no ground to vacate the attachment. If Frank Clifton & Co. own the goods seized they can sue the sheriff for taking them, or they may, under sections 657 and 658 of the Code, have the title tried by sheriff's jury. The provision, however, in section 658, that the plaintiff may still hold the property by indemnifying the sheriff, though the verdict of the jury is in favor of the claimant, shows that a remedy sought by motion ought not to prevail. The motion to vacate the attachment is denied, with ten dollars costs.